15-470-cv
*Virag v. Goodwill of W. & N. Conn., Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand sixteen.

PRESENT:   BARRINGTON D. PARKER,
                    DENNY CHIN,
                    SUSAN L. CARNEY,
                                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROZSA VIRAG,
                                *Plaintiff-Appellant,*

                    v.                                                    15-470-cv

GOODWILL OF WESTERN & NORTHERN
CONNECTICUT, INC.,
                                *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          ROZSA VIRAG, *pro se*, Manchester, Connecticut.

FOR DEFENDANT-APPELLEE:          JENNIFER L. SCHANCUPP, Jackson Lewis P.C., Stamford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Squatrito, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Rozsa Virag, proceeding *pro se*, appeals the judgment of the district court entered February 11, 2015 in favor of defendant-appellee Goodwill Industries of Western & Northern Connecticut, Inc. ("Goodwill").  By Memorandum of Decision and Order entered February 10, 2015, the district court granted summary judgment in favor of Goodwill, dismissing Virag's claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*  The district court concluded that Virag failed to present evidence from which a reasonable jury could find that Goodwill's legitimate, nondiscriminatory reason for not hiring her -- her inability to speak English -- was pretextual.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a decision to grant summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  We resolve all ambiguities and draw all factual inferences in favor of the non-moving party. *Topps Co. v. Cadbury Stani S.A.I.C*, 526 F.3d 63, 68 (2d Cir. 2008).  "Summary judgment is

- 2 -

appropriate '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The district court correctly analyzed Virag's ADEA claim under the burden-shifting framework originally set forth in *McDonnell Douglas*. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). Under this framework, once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment action. *Id.* When a reason is provided, the plaintiff "must prove . . . that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009). "The condition that a plaintiff's age must be the 'but for' cause of the adverse employment action is not equivalent to a requirement that age was the employer['s] only consideration, but rather that the adverse employment action would not have occurred without it." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) (internal quotation marks, alterations, and emphases omitted).

For the purpose of summary judgment review, the district court assumed that Virag had established a prima facie case of age discrimination. The district court then concluded that 1) Goodwill's English-speaking ability requirement was a legitimate, nondiscriminatory reason for not hiring Virag; and 2) Virag failed to present sufficient evidence to support a finding that Goodwill's reason was pretextual. Upon

review, we agree with the district court's determinations and affirm substantially for the reasons stated in the district judge's decision.

On appeal, Virag argues that certain statements made by Goodwill employees establish pretext. As the district court explained, however, the proffered statements constitute either 1) inadmissible hearsay, *see* Fed. R. Evid. 801(d)(2)(D) (an admission by a party opponent's employee is admissible hearsay if made "on a matter within the scope of that relationship and while it existed"); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) (a party "cannot rely on inadmissible hearsay in opposing a motion for summary judgment"), or 2) "stray remarks" not probative of discriminatory intent, *see Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) (providing factors a court should consider in determining whether a stray remark was probative of discriminatory intent). None of the other evidence Virag offers supports the proposition that her age was the but-for cause of the decision not to hire her for the position.

We have considered all of Virag's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 4 -